

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

YOKOHAMA RUBBER COMPANY LTD., )
a Japanese corporation, and **YOKOHAMA** )
**TIRE CORPORATION**, a California )
corporation, )
 )
        Plaintiffs, )
 )
v. )
 )
**HANGZHOU ZHONGCE RUBBER CO.,** )
**LTD.**, a Chinese corporation, )
 )
        Defendants. )
 )
 )
_____ )

CASE NO. 08-20142-CIV-ALTONAGA

MAGISTRATE JUDGE
TURNOFF

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiffs **Yokohama Rubber Company Ltd.** ("Yokohama Rubber") and **Yokohama Tire Corporation** ("Yokohama Tire"), by and through their attorneys, allege as follows:

### Jurisdiction and Venue

1. This is a civil action for patent infringement, injunctive relief, and damages arising under the Acts of Congress relating to patents, 35 U.S.C. § 1 *et seq*. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338.

2. Venue is proper in this Judicial District pursuant to 28 U.S.C. §§ 1391(b), (c), (d), and 1400(b). Upon information and belief, Defendant has engaged in the complained of activities in this Judicial District.

### The Parties

3. Plaintiff Yokohama Rubber is a corporation organized and existing under the laws of Japan, having its principal place of business in Tokyo, Japan.

4. Plaintiff Yokohama Tire is a wholly-owned subsidiary of Yokohama Rubber, organized and existing under the laws of the State of California and having its principal place of business at 601 South Acacia Avenue, Fullerton, California 92831.

5. On information and belief, Defendant Hangzhou Zhongce Rubber Co., Ltd. is a company organized and existing under the laws of the People's Republic of China, having a principal place of business at 527 Dengyun Road, Hangzhou City, Zhejiang Province, China P.R.C. 310011.

6. Plaintiffs are informed and believe, and on that basis allege, that Defendant has ongoing and systematic contacts with this Judicial District, and has placed the products accused of infringement herein into the stream of commerce knowing and expecting that such products would end up in this Judicial District.

### Allegations Common to All Claims for Relief

7. Plaintiff Yokohama Rubber is one of the largest tire manufacturers in the world. Over thirty years ago, to meet the growing needs of the United States marketplace, Yokohama Rubber established Plaintiff Yokohama Tire in Southern California as its North American manufacturing and marketing arm. Today, Yokohama Tire maintains manufacturing capabilities and distribution centers throughout the United States, servicing a network of over 4500 points of sale for Yokohama tires nationwide.

8. On November 29, 2005, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. D512,014 ("the '014 patent") to Yokohama Rubber as the assignee. Attached hereto as Exhibit 1 is a true and correct copy of the '014 patent. Yokohama Rubber is the owner of the entire right, title and interest in and to the '014 patent, and Yokohama Tire is exclusively licensed to sell tires covered by the '014 patent in the United States.

9. The '014 patent claims "the ornamental design for an automobile tire," which is shown and described in the '014 patent as the distinctive tire tread design that has become commonly known in the United States as the "S.drive" tire tread sold exclusively by Yokohama Tire.

10. Yokohama Tire introduced the S.drive tire in 2006. The S.drive tire is a premium high performance summer tire marketed generally to discerning customers who are willing to pay a premium price for an high performance tire that has the distinctive look and tread pattern of the S.drive. Yokohama Tire's customers purchase S.drive tires for their high-performance cars such as Mercedes-Benz, BMW, Lexus and Infinity, among others.

11. Since the S.drive was first introduced, Yokohama Tire has extensively advertised,

marketed and promoted the S.drive tire in the United States, including its unique tread pattern, which is distinctive in appearance, eye-catching and readily recognized among customers and members of the trade (hereinafter referred to as "the S.drive trade dress").

12. Further examples of published and distributed materials used to advertise and promote the S.drive trade dress since its introduction include editorial coverage in Road & Track Magazine, Sport Compact Car Magazine, European Car Magazine and Euro Tuner Magazine.

13. The S.drive trade dress is arbitrary and distinctive. Since its introduction, the S.drive trade dress has also acquired secondary meaning and distinctiveness among consumers and members of the trade, and it continues to have secondary meaning and distinctiveness. The S.drive tire is now widely known and recognized by its unique and distinctive appearance, which identifies to consumers and members of the trade that the source of origin of the S.drive trade dress is Yokohama Tire.

14. The S.drive trade dress is non-functional.

15. By reason of the foregoing, the S.drive trade dress has become and is now a designation of origin of Yokohama Tire and a trademark owned by Yokohama Tire.

16. Defendant Hangzhou is engaged in the business of exporting and/or importing large quantities of tires into the United States, and it distributes its products in this Judicial District, in the State of Florida, and throughout the United States in interstate commerce, including tires sold under the "Stamford Sumo Firenza ST-08" and "Stamford Sumo Akina ST-08" name and brand.

17. Plaintiffs are informed and believe, and thereon allege, that Defendant Hangzhou manufacturers the "Stamford Sumo Firenza ST-08" and "Stamford Sumo Akina ST-08" (collectively, "ST-08") tires in China. Customers seeking the ST-08 tire may purchase it from wholesalers, retailers and/or individuals who buy the tires from Stamford.

### FIRST COUNT – PATENT INFRINGEMENT

18. Plaintiffs hereby incorporate Paragraphs 1 through 16, inclusive, herein by reference.

19. On information and belief, Defendants have made, used, sold and/or offered for sale one or more tire products, including but not limited to the ST-08 tires, that infringe the '014 patent.

20. On information and belief, Defendants have induced others, including each other, to infringe the '014 patent by encouraging and promoting the importation, use, manufacture, sale and/or

offer for sale by others of infringing tire products, including but not limited to the ST-08 tires.

21. On information and belief, Defendants had notice and actual knowledge of the '014 patent before the filing of this suit, and Defendants' infringement of the '014 patent has been and continues to be willful and deliberate.

22. Plaintiffs have been damaged by Defendants' infringement of the '014 patent in an amount to be determined at trial, such damages including all of Defendants' profits from the infringement alleged herein. Furthermore, by these acts, Defendants have irreparably injured Plaintiffs and such injury will continue unless Defendants are enjoined by this Court.

### SECOND COUNT—TRADE DRESS INFRINGEMENT

23. Yokohama Tire hereby incorporates Paragraphs 1 through 21, inclusive, herein by reference.

24. To any ordinary observer, and to customers and members of the trade, the tread design of the ST-08 tire is confusingly similar, if not identical, to the S.drive trade dress, in particular the distinctive "look" of the S.drive tire, including its tread pattern, which is unique in appearance, eye-catching and readily recognized among customers and members of the trade.

25. Defendant's past, present and future importation of tires employing the S.drive trade dress, including but not limited to the ST-08 tire, constitutes trade dress infringement under 15 U.S.C. § 1125.

26. On information and belief, Defendant's trade dress infringement has been and continues to be willful and deliberate.

27. Yokohama Tire has been damaged by Defendant's trade dress infringement in an amount to be determined at trial. Furthermore, by these acts, Defendants have irreparably injured Yokohama Tire and caused Yokohama Tire to suffer a substantial loss of goodwill and reputation, and such injury will continue unless Defendants are enjoined by this Court.

28. By reason of the above actions, Yokohama Tire is entitled to the full range of relief under the Lanham Act, 15 U.S.C. §§ 1116-1118.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment against Defendants as follows:

    A.    That Defendant be adjudged to have infringed the '014 patent;

    B.    That Defendant be adjudged to have induced infringement of the '014 patent;

    C.    That Defendant's patent infringement be adjudged willful and deliberate;

    D.    That this case be deemed exceptional under 35 U.S.C. § 285, and that the damages for patent infringement be enhanced accordingly;

    E.    That Defendant, their subsidiaries, affiliates, parents, successors, assigns, officers, agents, servants, employees, attorneys, and all persons acting in concert or in participation with Defendant be preliminarily and permanently enjoined from:

        1.    Infringing or inducing infringement of the '014 patent, and specifically from directly or indirectly making, using, selling, or offering for sale, any products embodying the invention of the '014 patent during its term, without the express written authority of Plaintiffs.

        2.    Passing off its goods and/or services as those of Yokohama Tire.

        3.    Engaging in any conduct aimed at or likely to result in diverting business intended for Yokohama Tire or injuring Yokohama Tire's goodwill or business reputation by way of imitation, misrepresentation, false statements, advertising, fraud and/or deception.

    F.    An order from this Court compelling Defendant to mail notice letters at their own expense to all distributors, dealers, accounts, salesmen, employees, jobbers, and suppliers, informing them that Defendant has committed patent infringement against Yokohama Tire and that Defendant has no affiliation, connection, or other business relationship with Yokohama Tire, requesting that they return to Defendant for full credit or refund all of Defendant's tires using the infringing design.

    G.    An order from this Court commanding that Defendant deliver to Yokohama Tire for destruction all advertising, products, labeling, packaging, sales/promotional literature, owner's manuals, catalogs, displays, boxes, packages, and other trade pieces within their possession or control and which use the infringing design.

    H.    An award of money damages suffered by Plaintiffs in an amount to be ascertained, and the trebling thereof.

    I.    A constructive trust imposed on all revenue, income and things of value derived by Defendant in manufacturing, importing, marketing and selling tires using imitative tread designs,

including the tread design complained of in Complaint.

  J. Judgment, relief, and requests as set forth in this Complaint.

  K. Reasonable attorney's fees, prejudgment interest, and costs of this action.

  L. All such other, further, and different relief as the court deems proper under the circumstances.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiffs **Yokohama Rubber Company Ltd.** and **Yokohama Tire Corporation** hereby demand a trial by jury of all issues so triable.

Respectfully submitted,

Dated: January 17th, 2008

_____
Mary Leslie Smith
Florida Bar No.: 774243
**FOLEY & LARDNER LLP**
100 S.E, Second Street
Suite 1600
Miami, Florida 33131
Telephone: 305.482.8406
Facsimile: 305.482.8400
E-mial: mlsmith@foley.com
William J. Robinson (State Bar No. 83729)
*(Will Seek Pro Hac Vice Admission)*
E-mail: wjrobinson@foley.com
Lori V. Minassian (State Bar No. 223542)
*(Will Seek Pro Hac Vice Admission)*
E-mail:lminassian@foley.com
Diana Chen (State Bar No. 232921)
*(Will Seek Pro Hac Vice Admission)*
E-mail:dchen@foley.com
555 South Flower Street, 35th Floor
Los Angeles, California 90071
Telephone: 213.972.4500
Facsimile: 213.486.0065
Attorneys for Plaintiffs
**YOKOHAMA RUBBER COMPANY LTD.**
and **YOKOHAMA TIRE CORPORATION**

# EXHIBIT 1

MIAM_1180.1



US00D512014S

## (12) United States Design Patent
### Ishida et al.

(10) Patent No.: **US D512,014 S**
(45) Date of Patent: ⁎⁎ **Nov. 29, 2005**

(54) **AUTOMOBILE TIRE**

(75) Inventors: **Masahiro Ishida**, Kanagawa (JP); **Hirohisa Hazama**, Kanagawa (JP); **Hiroshi Tokizaki**, Tokyo (JP); **Koutarou Iwabuchi**, Tokyo (JP); **Izumi Kuramochi**, Tokyo (JP)

(73) Assignee: **The Yokohama Rubber Co., Ltd.**, Tokyo (JP)

(⁎⁎) Term: **14 Years**

(21) Appl. No.: **29/211,237**

(22) Filed: **Aug. 13, 2004**

(30) Foreign Application Priority Data

Feb. 18, 2004 (JP) ........................................ 2004-004115

(51) LOC (8) Cl. .................................................. **12-15**
(52) U.S. Cl. ...................................................... **D12/550**
(58) Field of Search ................................ D12/547, 549, D12/550, 553, 554, 555, 556, 558, 559, 560, 561, 563, 564, 565, 566, 567, 579, 586, 588, 589, 590, 591, 602, 603; 152/209.01, 209.08, 209.09, 209.18, 209.25, 209.28

(56) **References Cited**

U.S. PATENT DOCUMENTS

D397,973 S  ⁎  9/1998  Morishita et al.  .......... D12/556
D452,667 S  ⁎  1/2002  Tsubono  .................... D12/554
D485,229 S  ⁎  1/2004  Murata  ....................... D12/556
D489,317 S  ⁎  5/2004  Yamane et al. ............. D12/550

⁎ cited by examiner

*Primary Examiner*—Robert M. Spear
(74) *Attorney, Agent, or Firm*—Rader, Fishman & Grauer PLLC

(57) **CLAIM**

The ornamental design for automobile tire, as shown and described.

**DESCRIPTION**

FIG. 1 is a front view of an automobile tire, showing the new design, a top plan view thereof and a bottom plan view thereof appearing the same as the front view;
FIG. 2 is a rear view of the automobile tire;
FIG. 3 is a right side view of the automobile tire;
FIG. 4 is a left side view of the automobile tire;
FIG. 5 is a fragmentary front view, showing in enlargement the portion of 5—5 in FIG. 1;
FIG. 6 is a cross-sectional view, taken along line 6—6 and in the direction of arrows in FIG. 5; and,
FIG. 7 is a perspective view of the automobile tire.
The broken line showing of a sidewall and inner bead represents environmental structure only and form no part of the claimed design.

**1 Claim, 3 Drawing Sheets**



EXHIBIT 1

FIG. 1

FIG. 2



FIG. 3



FIG. 4



FIG. 5



FIG. 6



FIG. 7



# CIVIL COVER SHEET

08-20142

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**(a) PLAINTIFFS**
YOKOHAMA RUBBER COMPANY and YOKOHAMA TIRE CORPORATION

**(b)** County of Residence of First Listed Plaintiff: **JAPAN**
(EXCEPT IN U.S. PLAINTIFF CASES)

**DEFENDANTS**
HANGZHOU ZHONGCE RUBBER CO., LTD.

County of Residence of First Listed Defendant: **CHINA**
(IN U.S. PLAINTIFF CASES ONLY)
Note: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c) Attorneys** (Firm Name, Address, And Telephone Number)
Mary Leslie Smith, Foley & Lardner, LLP, Suite 1600 Bank of America Tower, 100 S.E. 2nd Street, Miami, FL 33131 (305.482.8406)

Attorneys (If known)

CIV - ALTONAGA
MAGISTRATE JUDGE TURNOFF

**(d) CIRCLE COUNTY WHERE ACTION AROSE:**
MIAMI-DADE, MONROE, BROWARD, PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE, HIGHLANDS

Miami - 08CV20142 Altonaga/Turnoff

**II. BASIS OF JURISDICTION** (Place an X in one box only)
- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [X] 3 Federal Question (U.S. Government Not a Party)
- [ ] 4 Diversity (Indicate Citizenship of Parties in item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (For Diversity Cases Only) (Place an X in one box for Plaintiff and one box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of this State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business in This State | [ ] 4 | [ ] 4 |
| Citizen of another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business in Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [X] 3 | [X] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

**IV. NATURE OF SUIT** (PLACE AN X IN ONE BOX ONLY)

Checked: **830 Patent** (under PROPERTY RIGHTS)

(Full category list: CONTRACT, TORTS, FORFEITURE/PENALTY, BANKRUPTCY, PROPERTY RIGHTS, SOCIAL SECURITY, LABOR, FEDERAL TAX SUITS, OTHER STATUTES, REAL PROPERTY, CIVIL RIGHTS, PRISONER PETITIONS)

**V. ORIGIN** (PLACE AN X IN ONE BOX ONLY)
- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Refiled
- [ ] 5 Transferred from another district
- [ ] 6 Multidistrict Litigation
- [ ] 7 Judge from Magistrate Judgment

FILED by W_ D.C.
INTAKE
JAN 17 2008
CLARENCE MADDOX
CLERK U.S. DIST
S.D. OF FLA. - MIAMI

**VI. RELATED/RE-FILED CASE(S)** (See instructions second page)
a) Re-filed Case [ ] YES [X] NO
b) Related Cases [ ] Yes [X] No
JUDGE _____ DOCKET NUMBER _____

**VII. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE (DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)
**35 USC § 1 et. seq.**
Length of Trial via **4 – 6 days** estimated (for both sides) to try entire case

**VIII. REQUESTED IN COMPLAINT:**
[ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND: **INJUNCTIVE RELIEF AND DAMAGES**
Check YES only if demanded in complaint:
JURY DEMAND: [X] YES [ ] NO

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE

SIGNATURE OF ATTORNEY OF RECORD: _[signature]_
MARY LESLIE SMITH, FLA. BAR NO. 774243

DATE: **JANUARY 17, 2008**

FOR OFFICE USE ONLY: AMOUNT $350.00 Receipt# 973400 IFP _____
01/17/08

99.1